## Steinmetz's Appeal.

Argued April 28, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Francis Shunk Brown*, with him *Aaron S. Swartz, Jr.*, and *Brown & Williams*, for appellant.

*Ernest Scott,* with him *Pepper, Bodine, Stokes & Schoch,* for appellee.

OPINION BY MR. JUSTICE DREW, May 25, 1936:

Oma F. Steinmetz instituted the present proceeding under section 19 of the Act of June 14, 1836, P. L. 628, to compel her brother-in-law, Roland L. Taylor, to file an account of his management of an alleged trust fund of $30,000 given to him by Mrs. Steinmetz. Taylor filed an answer denying the existence of any trust and averring that the fund was received under an express oral agreement whereby he was to act as Mrs. Steinmetz's agent for speculation. Counsel subsequently entered into a stipulation whereby Taylor waived any right which he might have to object to the form of the proceeding or to the jurisdiction of the court, agreeing that the case might be heard and decided on the merits and that if it were found that his obligation was merely one of agency, the case might nevertheless proceed "as if the petition . . . were a plenary bill in equity." The chancellor made extensive findings of fact, and concluded that no trust was created, that Taylor was not a trustee, and that he was under no liability to account to petitioner. The petition was dismissed, Mrs. Steinmetz's exceptions were overruled by the court in banc, and the present appeal followed.

After the death of her husband, appellant consulted Taylor, a wealthy broker and investment banker whom she had known for thirty years, with regard to the investment of a sum of $30,000, which she had in her possession. Mrs. Steinmetz, a woman familiar with marginal accounts, and who had herself operated on margin, wanted to "make some money." Advised by Taylor that this would mean speculation and that he would not undertake to make good any loss which might be incurred, Mrs. Steinmetz abandoned the matter for the time being. At a later date appellant renewed her request that Taylor take her money and invest it for her. Apparently

because of their relationship and because of his considerable wealth, she insisted that he bear the risk of loss. In view of that condition her request was again refused. Finally, and only after further persuasion, Taylor agreed to take the fund and invest it for her. It was clearly understood that any loss would be borne by appellant and that he was not to be required to give her any information concerning the contemplated transactions for several months, and then only upon express request.

In pursuance of the agreement Mrs. Steinmetz delivered a check for $30,000 to Taylor in the fall of 1928, and he thereupon opened a marginal account with a reputable Philadelphia broker, to whom he subsequently endorsed the check. From time to time Taylor made various purchases and sales. There was a substantial profit when inquiry was first made by appellant in October, 1929. She was informed of the risk involved in the continued holding of the shares, and was told, as was the fact, that Taylor and his family held similar shares. She then decided to continue to hold them. No further transactions took place after this date. The same shares, greatly depreciated, still remain in the account. There is no question but that Taylor's orders were always in accordance with his best judgment. He never failed to answer any inquiries for information and he never received any compensation of any kind. In 1934 a complete account was promptly rendered by him upon the request of appellant's legal counsel. The account showed a debit balance of $7,696.57 and shares which at the then market price were inadequate to cover the balance due. The foregoing facts have been found by the chancellor, and, after a careful review of the record, we are forced to conclude that they are substantially supported by the evidence. We are all agreed that we could not have come to any other conclusion.

Appellant's argument is that Taylor never made the investment in her name, as he was required to do under

the agreement, that the "trust" was, therefore, never performed, and the "trustee" is to be held accountable for the full amount of the fund. The crux of appellant's case is the fact that Taylor, in opening the account for her, did not use her name but used the appellation, Number 1150. The argument in her behalf at the bar of this court was confined to an attempt to demonstrate that the chancellor erred in finding the account was carried in her name. It may well be that the account was not technically carried in her name. On the other hand, the evidence is uncontradicted that the broker knew that Taylor was acting for someone else and that Mrs. Steinmetz was his principal. A treasurer's check to her order for $30,000 was endorsed by her to Taylor and by him endorsed to the broker, the account was guaranteed by Taylor (and he would hardly guarantee his own account), and the uncontroverted testimony is that the broker was told the account was for Mrs. Steinmetz. The fact that the account was identified by number and not by name is certainly, under the circumstances, immaterial. It must be obvious that the manner of carrying the account was not the cause of the loss that was suffered.

Appellant further argues that Taylor did not have the extensive powers which the court below found he had. It is said that Mrs. Steinmetz did not contemplate the investment of her funds in a marginal trading account. These were factual questions and they have been resolved in Taylor's favor. In the light of the admitted facts and all of the surrounding circumstances, it is inconceivable that Mrs. Steinmetz had any other thought in mind.

A reading of the record cannot but excite sympathy for the widow whose funds were completely lost because of her desire for speculative gain. But that loss may not now be imposed upon one who similarly suffered great depletion in his own wealth and whose assumption of the responsibilities for the safe investment of his sister-in-

law's funds was only undertaken with considerable reluctance and upon the complete understanding that he could not be called upon to bear any loss. That task was performed in the exercise of his best judgment and in perfect good faith. Appellant undoubtedly knew of the nature of his operations and of the risk involved. Informed of his temporary success, she expressed the willingness that he continue. The loss which followed must be her own.

The decree is affirmed at appellant's cost.